UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EXPRESS LIEN, INC.**<br><br>    **Plaintiff**<br><br>*v.*<br><br>**HANDLE, INC., JEFFREY NADOLNY, and ABC INSURANCE CO.**<br><br>    **Defendants** | **CASE NO. 2:19-cv-10156**<br><br><br>**JUDGE VANCE**<br><br><br>**MAGISTRATE JUDGE NORTH** |

**DEFENDANT JEFFREY NADOLNY'S
MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

Defendant Jeffrey Nadolny ("Nadolny") respectfully submits this Memorandum in Support of his Motion to Compel. To date, Plaintiff Express Lien, Inc. ("Plaintiff") has failed to adequately respond or supplement its responses to Nadolny's First Set of Discovery Requests ("Discovery Requests"). Accordingly, Nadolny requests that the Court order Plaintiff to supplement its responses to the Discovery Requests and award Nadolny the expenses, including attorney's fees, associated with this motion pursuant to Rule 37.

**I.    BACKGROUND**

**A.  Factual Background**

This dispute arises out of alleged "copying" of Plaintiff's website by Defendants. Plaintiff operates a construction payment and document management software platform using websites with the URLs www.levelset.com and www.zlien.com. *See* R. Doc. 41 ¶¶ 9-10. The websites also provide customers and prospective customers with information and resources related to construction payment, including document templates, answers to FAQs, a blog, and compilations of selected text from relevant state statutes. *See* R. Doc. 41 ¶¶ 11-12.

As alleged in Plaintiff's Amended Complaint, "Defendant Handle purports to provide a web platform to assist construction participants with construction payment and associated documents and processes, including document preparation and mailing/filing services with respect to securing or maintaining security rights, in support of which Defendant provides construction payment and construction payment document related information via handle.com." *See* R. Doc. 41 ¶ 29. Plaintiff avers that "Defendants visited Plaintiff's website, copied Plaintiff's Resources and Content Marketing Product, design, formatting, website look and feel, source code, techniques, processes, algorithms, know-how, technology, products, or other information, and . . . used the same in violation of law." *See* R. Doc. 41 ¶ 35. Plaintiff claims that, in April 2019, it discovered its copyrighted material "being displayed or otherwise distributed by Defendant by and through Defendant's website, found at the URL handle.com." *See* R. Doc. 41 ¶ 26.

### B.  Relevant Discovery Factual Background

Nadolny propounded its First Set of Discovery Requests to Plaintiff on June 8, 2020, requesting Plaintiff's response within thirty (30) days, no later than July 7, 2020. *See* Exhibit A. Plaintiff requested and received a thirty-day extension to respond and provided its Responses to Nadolny's First Set of Discovery Requests on August 7, 2020. *See* Exhibit B. Plaintiff's Responses to Nadolny's First Set of Discovery Requests were woefully deficient. Plaintiff's initial discovery responses were unresponsive to the specific Discovery Requests, contained numerous boiler plate objections, and referred Nadolny to Plaintiff's discovery responses to Co-Defendant Handle, Inc. ("Handle").

Nadolny communicated these deficiencies to Plaintiff in a letter dated August 27, 2020, *see* Exhibit C, and the parties conferenced about the same on September 2, 2020. In response to the August 27 deficiency letter and September 2 conference, Plaintiff "supplemented" just three

discovery responses and "clarified" its objections to Nadolny's requests on September 4, 2020. *See* Exhibit D. These three supplemental responses remained deficient. They did not provide additional information, but instead raised new objections to the Discovery Requests and provided further cross-references to unrelated discovery responses.

Nadolny communicated his continued dissatisfaction with Plaintiff's Supplemental Responses in a deficiency letter dated October 7, 2020. *See* Exhibit E. The parties engaged in a second Rule 37 conference on October 14, 2020. During the October 14 conference, counsel for Plaintiff agreed to supplement several discovery responses, and counsel for Nadolny agreed to narrow some of the discovery requests. The parties agreed that Plaintiff would provide the Second Supplemental Responses by no later than October 28, 2020. *See* Exhibit F.

On October 28, 2020, counsel for Plaintiff communicated that the Second Supplemental Responses would not be completed on that date because of an office closure in anticipation of Hurricane Zeta. *See* Exhibit G. Still having received no supplementation, counsel for Nadolny inquired about the status of the Supplemental Responses on November 3, 2020. *See* Exhibit G. In response, counsel for Plaintiff indicated that she hoped to provide the responses that week and that she planned to speak with the client on Thursday. *See* Exhibit G. The fact that Plaintiff's counsel had not conferred with the client prior to the October 28, 2020 deadline suggests that Plaintiff was never prepared to provide the Supplemental Responses on that date, regardless of any complications related to Hurricane Zeta. To date, Plaintiff has not provided the promised Supplemental Responses. Nadolny has now waited over five months since propounding discovery for Plaintiff to issue adequate responses, a period of time that included an extension of time and

multiple discovery conferences, and yet, Plaintiff continues to delay. At this juncture, Nadolny is left with no choice but to seek this Court's intervention.[1]

## II. ARGUMENT

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Nadolny is permitted discovery of documents in the "possession, custody, or control" of the party upon whom the request is served. FED. R. CIV. P. 34(a)(1). Rule 37(a) of the Federal Rules of Civil Procedure provides that if a party fails to answer an interrogatory or produce requested documents, the discovering party may move for an order compelling an answer and for appropriate sanctions. FED. R. CIV. P. 37(a)(3). Moreover, Rule 37 provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." FED. R. CIV. P. 37(a)(4). Finally, Rule 37 also permits an award of expenses "against a party whose conduct necessitated a motion to compel discovery." *Merritt v. Int'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981).

### A. UNTIMELY DISCOVERY RESPONSES AND DISCOVERY DELAYS

Plaintiff has unnecessarily prolonged and delayed discovery in this case. As explained above, nearly six months—169 days to be specific—have elapsed since Nadolny initially propounded its Discovery Requests on Plaintiff. *See* Exhibit A. Plaintiff's responses, which were due in thirty (30) days pursuant to Federal Rule of Civil Procedure 33(b)(2) and 34(b)(2)(A), remain deficient. Although the parties exchanged several written communications, conferenced more than once about the instant discovery dispute, and supplementation by October 28, 2020 was agreed, Nadolny still remains without adequate discovery responses from Plaintiff. *See* Exhibit C;

---

[1] As more information is obtained in upcoming depositions, additional deficiencies in Plaintiff's responses to Nadolny's Discovery Requests may become apparent. Accordingly, Nadolny specifically reserves his right to assert such deficiencies, should it prove necessary.

Exhibit E; Exhibit F. Because Plaintiff's counsel had apparently not even spoken to their client by October 28, it is evident that Plaintiff was never prepared to meet the agreed-upon deadline for its second supplementation, regardless of any hurricane-related disruption. *See* Exhibit G. In the intervening month, Plaintiff has failed to supplement the discovery responses as agreed during the October 14 Rule 37 conference, despite Nadolny's inquiry about the status of same. *See* Exhibit F; Exhibit G. As a result, Nadolny remains without the requested information and has been forced to take the deposition of several individuals without relevant information and documents. This untimeliness and delay warrants intervention by the Court.

### B. BOILERPLATE OBJECTIONS

Many of Plaintiff's discovery responses contain improper boilerplate objections that should be stricken. These objections are not tailored to the specific nature of each request and are therefore improper, as the Fifth Circuit has held. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that merely stating that a discovery request is "overly broad, burdensome, oppressive and irrelevant" "was not adequate to voice a successful objection to" the request). These boilerplate objections obfuscate the completeness of Plaintiff's responses, making it impossible for Nadolny to determine what information (if any) has been withheld pursuant to the objection.[2] If Plaintiff had a genuine objection to any of the requests, it should have articulated the objection properly so it could have been addressed and, if necessary, submitted to the Court for resolution. Thus, Nadolny requests that the Court strike Plaintiff's boilerplate objections and order Plaintiff to supplement its responses accordingly.

---

[2] While Plaintiff may attempt to argue that it produced *some* documents subject to the improper boilerplate objections, such responses are wholly inadequate—they allow Plaintiff to produce some documents and withhold others under the cloak of a vaguely defined objection. With these boilerplate objections in place, Defendant has no way of knowing if Plaintiff's responses are complete or how many documents Plaintiff has withheld.

## C. CROSS-REFERENCE TO HANDLE'S DISCOVERY REQUESTS

Several of Plaintiff's responses to the Discovery Requests incorporate by reference Plaintiff's responses to Handle's interrogatories or document requests. Specifically, Plaintiff's responses to Nadolny's Interrogatory Nos. 4 and 6 and Request for Production Nos. 3, 4, 5, 6, and 9, refer Nadolny to Plaintiff's discovery responses to Handle's discovery requests. Further, Plaintiff's responses to Interrogatories Nos. 2 and 3 cross-reference its response to Interrogatory No. 1. These cross-referenced responses are insufficient, incomplete, unresponsive, and evasive.

Federal Rule of Civil Procedure 33 provides: "*Each* interrogatory must, to the extent it is not objected to, be answered *separately* and fully in writing under oath." FED. R. CIV. P. 33(b)(3) (emphasis added). Federal Rule of Civil Procedure 34 similarly requires a response to *each* request for production. FED. R. CIV. P. 34(b)(2)(B) ("Responding to *Each* Item. For *each* item or category, the response must . . . ") (emphasis added). "Responses to interrogatories 'must be responsive, full, complete and unevasive. Insofar as practical they should be complete within themselves. Materials outside the answers and their addendum ordinarily should not be incorporated by reference.'" *Mills v. Billington*, No. CV 04-2205 (HHK)(AK), 2008 WL 11388757, at *4 (D.D.C. July 28, 2008) (quoting *Pilling v. General Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968)). Discovery responses that merely refer to other interrogatory answers are unresponsive. *Id.*; *see also Gersh v. Anglin*, No. CV 17-50-M-DLC-JCL, 2019 WL 265800, at *7 (D. Mont. Jan. 18, 2019) (concluding that a response to an interrogatory that incorporates previously filed materials by reference was improper).

Setting aside the fact that Plaintiff's cross-referencing its discovery responses to Handle is not sufficient to respond to Nadolny's Discovery Requests, the cross-referenced material Plaintiff refers to in response to Nadolny's Interrogatory No. 4 and Requests for Production Nos. 4, 5, 6,

and 9 is not responsive to those requests because Nadolny's Requests for Production differ from those of Handle. Nadolny moves to compel Plaintiff to provide a specific response to the following of *Nadolny's own* Discovery Requests.

> **INTERROGATORY NO. 4:** Identify each and every individual, whether a current or former employee or contractor, who participated in the development or design of Plaintiff's website, including without limitation the design or development of any of the "look and feel components of the Plaintiff's website" listed at paragraph 104 of the First Amended Complaint. For purposes of this Interrogatory, "Identify" means each individual's full name, job title at the time the person was participating in such design or development, the person's current employer, last known business and home address(es), last known phone number(s), last known email address(es) and a brief description of the role and duties that the person performed with respect to such design or development.
>
> **RESPONSE:** Plaintiff objects to the instant request for production as overly broad, unduly burdensome, and not proportional to the needs of the case. In further response, please see Plaintiff's response and/or supplemental response to Interrogatory No. 1 and/or Request for Production No. 6 to Handle, Inc.'s First Set of Discovery Requests.

Nadolny requests that Plaintiff identify individuals participating in the development and design of the look and feel of its website. The identity of these individuals is relevant to Plaintiff's claims that Handle and Nadolny copied the look and feel of Plaintiff's website because these individuals have knowledge and information related to that look and feel. Handle's Interrogatory No. 1 is expansive and requests information related to the copyrighted content that it allegedly plagiarized. *See* R. Doc. 67-3 at 8. Handle's Request for Production No. 6 similarly requests information related to copyrighted content on Plaintiff's website. *See* R. Doc. 67-3 at 14.

Despite the fact that it is improper for Plaintiff to cross-reference its discovery response to another defendant, *Mills*, 2008 WL 11388757, at *4, even the cross-referenced responses are unresponsive to the instant Interrogatory. Plaintiff's responses to Handle's Interrogatory No. 1 and/or Request for Production No. 6 involve the identity of individuals contributing work or updates to the *content* Plaintiff claims Handle and Nadolny copied. The identity of individuals

developing *content* on Plaintiff's website (e.g., contributing work or updates to the articles on Plaintiff's website) is not responsive to a request for the identity of individuals involved in developing the *look and feel* of Plaintiff's website. Further, Plaintiff's response to Handle's Interrogatory No. 1 is not responsive even to that interrogatory. That dispute is the subject of a Motion to Compel filed by Handle on September 20, 2020. *See* R. Doc. 120-1 at 6-8. Moreover, at the October 14 Rule 37 conference, Plaintiff agreed to supplement this response by October 28, 2020. *See* Exhibit F. Plaintiff has failed to do so at this time.

In its Request for Production No. 4, Nadolny seeks information related to the "look and feel" of Plaintiff's website that Plaintiff alleges Handle and Nadolny copied:

> **REQUEST FOR PRODUCTION NO. 4**: Produce every email that Concerns or in any way pertains to the design and development of each of the elements of the "look and feel" of Plaintiffs' website(s) that are listed/identified in Paragraph 104 of the First Amended complaint.
>
> **RESPONSE**: Please see Plaintiff's response to Request for Production No. 51 to Handle, Inc.'s First Set of Discovery Requests.

Handle's Request for Production No. 51 requests "All emails sent to or from, or that Concern sam@nwlumberproducts.com." *See* R. Doc. 67-3 at 22. These discovery requests seek entirely different information. In response to Handle's Request for Production No. 51, Plaintiff provides a *further* cross-reference to its response to Handle's Interrogatory No. 11, wherein Plaintiff identifies all individuals who created, communicated by or through, used, or who otherwise associated with the email address sam@nwlumberproducts.com. *See* R. Doc. 67-4 at 19. Plaintiff's response to Nadolny's Request for Production No. 14 is wholly unresponsive, insofar as it: (1) cross-references to its responses to Handle's discovery requests and (2) cross-references to material that is irrelevant to Nadolny's request.

In Request for Production No. 5, Nadolny seeks information corresponding to a single email address:

> **REQUEST FOR PRODUCTION NO. 5:** All emails to, from, or that mention sam@nwlumberproducts.com.
>
> **RESPONSE:** Plaintiff objects to the instant discovery request as overly broad, unduly burdensome, and not proportional to the needs of the case. The request if read literally requests "all emails," and further contains no temporal limitations and/or limitations as to subject matter scope whatsoever. Plaintiff further objects to the extent this request seeks documents protected by the attorney-client privilege and/or attorney-work product doctrines or any other privileges or protections. Subject to and without waiving the foregoing objections, please see Plaintiff's response and supplemental response to Request for Production No. 40 to Handle, Inc.'s First Set of Discovery Requests.

Handle's Request for Production No. 40 is far broader than Nadolny's request. Handle's Request for Production No. 40 requests "all communications . . . that relate to or mention Handle, Jeffrey Nadolny, JBN Supplier, Abbot (or Abbott) Construction, Patrick Hogan, Blake Robertson, Chris Woodard, Y- Combinator, nwlumberproducts.com, Northwest Lumber Products, qualityexteriorservices@gmail.com, Danny's (or Dannys) Doors, XYZ Test01, Caillouet, Quality Exterior Services, Roger Breland, Phil Amos, Mark Januet, or QES." *See* R. Doc. 67-3 at 20. Further, Plaintiff objected to Handle's Request for Production No. 40 and stated that, "and after a diligent search, Plaintiff has not discovered any non-privileged information responsive to this request other than documents previously provided or documents in possession of Defendants." *See* R. Doc. 67-4 at 42. Plaintiff subsequently supplemented its response to Handle's Request for Production No. 40 by identifying Bates ranges and a privilege log for documents responsive to Handle's broad request, without specifying which Bates ranges or privilege log entries correspond to each portion of Handle's request. *See* R. Doc. 82-3 at 15.

Nadolny should not be required to go searching through Plaintiff's responses to Handle's discovery requests to gather the information Nadolny requested. Moreover, Plaintiff's

incorporation by reference of its response to Handle's Request for Production No. 40 is not responsive to Nadolny's Request for Production No. 5, which seeks emails pertaining to a single email account, sam@nwlumberproducts.com, which was not specifically referenced in Handle's more expansive discovery request. Plaintiff must identify the Bates range that is responsive to Nadolny's specific request.

Much like Nadolny's Request for Production No. 5, Request for Production No. 9 seeks information corresponding to a single entity and a single email address:.

> **REQUEST FOR PRODUCTION NO. 9**: All Documents, including emails that mention or concern Quality Exterior Services or any email address related to Quality Exterior Services.
>
> **RESPONSE**: Plaintiff objects to the instant discovery request as overly broad, unduly burdensome, and not proportional to the needs of the case. The request if read literally requests "all documents," and further contains no temporal limitations and/or limitations as to subject matter scope whatsoever. Plaintiff further objects to the extent this request seeks documents protected by the attorney-client privilege and/or attorney-work product doctrines or any other privileges or protections. Plaintiff further objects to the request as it is impossible to respond. Plaintiff is unaware of the email address(es) related to Quality Exterior Services other than the address defendants previously provided in Handle's Request for Production No. 40. Subject to and without waiving the foregoing objections, please see Plaintiff's response and supplemental response to Request for Production No. 40 to Handle, Inc.'s First Set of Discovery Requests

Again, Handle's Request for Production No. 40, is far broader than Nadolny's request. Plaintiff's response to Handle's Request for Production No. 40 provides a Bates range without identifying which documents correspond to each portion of Handle's broad request. *See* R. Doc. 82-3 at 15. Plaintiff must identify the Bates range that is responsive to Nadolny's specific request.

In Request for Production No. 6, Nadolny seeks information associated with prior copyright infringement lawsuits brought by Plaintiff against others who allegedly infringed upon the copyrights and material at issue in this case:.

>**REQUEST FOR PRODUCTION No. 6:** A copy of all transcripts of deposition, trial, or other testimony under oath by any of Plaintiff's current or former employees, or of any other persons acting on Plaintiff's behalf, in any case or matter that Concerns Plaintiffs' copyrights, articles or publications on its website, or the "look and feel" or trade dress of its website(s).
>
>**RESPONSE**: Please see Plaintiff's response to Request for Production No. 48 to Handle, Inc.'s First Set of Discovery Requests.

Handle's Request for Production No. 48 seeks similar information, yet Plaintiff objected to Handle's request as overly broad, unduly burdensome, and not proportional to the needs of the case. *See* R. Doc. 67-4 at 45. Notably, this Request for Production was the subject of a Motion to Compel filed by Handle in September, *see* R. Doc. 74 at 14-15 and a Motion to Quash filed by Plaintiff, *see* R. Doc. 72. The Court has adjudicated this discovery dispute in favor of Handle. *See* R. Docs. 88, 101. In spite of the Court's ruling in favor of Handle, this discovery dispute remains the subject of the Motion to Compel filed by Handle on November 20, 2020. *See* R. Doc. 120. Plaintiff's cross-reference is not responsive to *either* Nadolny's Request for Production No. 6 *or* Handle's Request for Production No. 48. Nadolny must provide a specific response to Nadolny's request.

### D. INSUFFICIENT, INCOMPLETE, AND UNRESPONSIVE DISCOVERY RESPONSES

In addition to the deficiencies related to Plaintiff's cross-referencing material in its Discovery Responses, Plaintiff's responses to Nadolny's Discovery Requests remain incomplete or unresponsive. Nadolny moves to compel the following supplemental responses and answers to its Discovery Requests:

>**INTERROGATORY NO. 2:** Please explain and fully describe how and why the manner in which Handle's website enables users to create an order for notice or lien documents through an online, mimics the Plaintiff's look and feel, as alleged in Paragraph 104.I. of the FAC.

Nadolny requests information to substantiate Plaintiff's claim that the capabilities of Nadolny's website mimic the "look and feel" of Plaintiff's website "by enabling users to create an order for notice or lien documents." *See* R. Doc. 41 ¶ 104.I. Plaintiff initially objected to this Interrogatory as "confusing and improperly worded" but later supplemented its response by cross-referencing its response to Nadolny's Interrogatory No. 1, which involves the general "design elements" of Plaintiff's website that Plaintiff contends Handle's website copied. *See* Exhibit B; Exhibit D. To begin, this cross-reference to Plaintiff's response to another of Nadolny's Interrogatories is unresponsive, as discussed above. *Mills*, 2008 WL 11388757, at *4. Additionally, this circular response fails to provide any of the requested information, other than setting forth the conclusory statement that Nadolny copied all of the design elements identified in Interrogatory No. 1. The feature of Handle's website that enables a user to create an order for a notice or lien document is more specific than the general design elements of its website. Further, during the October 14 Rule 37 conference, counsel for Plaintiff agreed to supplement this Interrogatory with a response tailored to the question of how the specific feature of Handle's website allowing a user to create an order for notice or lien documents mimics Plaintiff's look and feel. *See* Exhibit F. To date, Plaintiff has not supplemented this discovery response.

In Interrogatory No. 3, Nadolny requests the date of each significant revision of the public-facing (e.g., not back end) design or "look and feel" 'of Plaintiff's website within the past ten years: "<u>Identify the date of each significant revision to the public-facing (e.g., not back end) design or "look and feel" of Plaintiff's website within the past 10 years.</u>" This Interrogatory is directly related to establishing a timeline for the "look and feel" of Plaintiff's website, which Plaintiff alleges Handle and Nadolny copied. Plaintiff objected to this Interrogatory as not proportional to the needs of the case and directed Nadolny to Plaintiff's response to Nadolny's Interrogatory No.

1, which involves the general "design elements" of Plaintiff's website. *See* Exhibit B; Exhibit D. Plaintiff's response to Interrogatory No. 3, referencing its response to Interrogatory No. 1, is unresponsive because Interrogatory No. 1 and Plaintiff's response thereto do not involve any revision to the website's look and feel. Further, cross-reference to another discovery response is unresponsive. *Mills*, 2008 WL 11388757, at *4. Moreover, at the October 14 Rule 37 conference, counsel for Plaintiff agreed to supplement the response to clarify whether or not responsive information exists. *See* Exhibit F. Plaintiff has failed to properly respond to Interrogatory No. 3 or even indicate whether information responsive to the Interrogatory exists.

> In Interrogatory No. 6, Nadolny requests Plaintiff:
>
> Identify all Bates ranges in the Copyright Deposit Materials where each and every of the Plaintiff's articles identified in Exhibit B to the First Amended Complaint appears (by way of example, the Bates range(s) for the article titled "How Do Mechanics Liens Work? 17 Ways A Lien Gets You Paid," as identified at ECF Dkt. 41-2 at p. 3 of 59).

Essentially, this request asks Plaintiff to demonstrate the location of the copyright of the allegedly plagiarized articles. Plaintiff objected to this request but also responded by identifying the entire set of Copyright Deposit Materials. *See* Exhibit A. This response is unresponsive because it fails to address the substance of the request, which seeks specific information about specific articles.

By letter dated September 4, 2020, counsel for Plaintiff indicated that Plaintiff provided the exact location in the copyright deposits for the infringed works, by folder structure, in response to a discovery request by Handle. *See* Exhibit H. This letter is not a formal discovery response and is not sufficient to supplement Plaintiff's discovery responses. Even still, Plaintiff's cross-reference to its discovery response to Handle's request is not responsive to Nadolny's request. *Mills*, 2008 WL 11388757, at *4. Setting aside this fact, the cross-referenced material in response to Handle's discovery request is not responsive to the instant request because the two requests are

not identical and seek different information. Further, Plaintiff's response to the referenced discovery propounded by Handle is not responsive even to *Handle's* request, as indicated by Handle's Motion to Compel. *See* R. Doc. 120.

In Request for Production No. 1, Nadolny seeks documents provided by Plaintiff to Y Combinator: "Produce all documents provided by you and/or anyone acting on your behalf to Y Combinator and/or anyone acting on behalf of Y Combinator." Y Combinator is a seed funder and start-up accelerator that Plaintiff identifies in the Amended Complaint as an entity that participated in the development of Handle's business plan and online platform. *See* R. Doc. 41 ¶¶ 21-24. In response to this request, Plaintiff: (1) refers to its response to a discovery request by Handle and (2) refers to the documents produced by Y Combinator pursuant to a subpoena. *See* Exhibit A. Plaintiff's cross-reference to its discovery responses to Handle is deficient, as discussed above. Further, Plaintiff's reference to the documents produced by Y Combinator does not indicate whether Plaintiff conducted a search of its own records for documents responsive to this request. At the October 14 Rule 37 conference, Nadolny agreed to narrow its request to documents created from November 1, 2018 to present, and Plaintiff agreed to supplement its response if an internal search produced responsive documents. *See* Exhibit F. To date, this has not occurred.

In Request for Production No. 3, Nadolny requests all drafts, revisions, and copies of Plaintiff's website(s)—the very website that Plaintiff alleges Handle and Nadolny copied:

> **REQUEST FOR PRODUCTION NO. 3:** Produce all drafts, revisions, and copies of Plaintiffs' website(s) [www.zlien.com, www.levelset.com, and any other URL that you used], in native format (or if native is not available, in whatever format(s) you possess such documents), from January 1, 2010 through the present.

It is critical for Nadolny to examine the images and related documents demonstrating the "look and feel" and functionality of Plaintiff's website at the points in time when: (1) Plaintiff's URL was www.zlien.com, (2) in the months prior to and on the days immediately before zlien rebranded

as Levelset and launched www.levelset.com,[3] (3) Plaintiff first launched www.levelset.com, and (4) each time that Plaintiff has since revised any of the look, feel, features, or functionalities that it claims to be trade dress.

During a meet and confer call on September 8, Plaintiff identified a copyright deposit record as responsive to this request. *See* Exhibit E at 3. The copyright deposit record is not responsive for two reasons. First, the Request for Production seeks native website files *through the present*. The referenced copyright deposit record was filed with the U.S. Copyright Office on September 10, 2015—more than three years before the filing of the instant lawsuit. Second, it is impossible to use the code that was filed with the Copyright Office—which is in .xml format—for the purpose of recreating the design "look or feel" of Plaintiff's website. A web browser (Chrome, Explorer, Firefox, etc.) does not use .xml code to create what a consumer sees on his or her screen when visiting Plaintiff's website. Web browsers instead use .html, Java script, and CSS (cascading style sheets) to create what a visitor actually sees (i.e., the "look and feel" of a website). Moreover, the .xml code calls to various external design files and code that are not included in the codebase, making it impossible to use the code.

At the October 14 Rule 37 conference, counsel for Plaintiff agreed to discuss the temporal, formatting, and completeness issues with Plaintiff and supplement Plaintiff's Response to Request for Production No. 3. *See* Exhibit F. To date, this has not occurred.

> **REQUEST FOR PRODUCTION NO. 10:** All emails or other Documents to or from Michael Tabayoyon or any other individual Allied Restoration Company that concerns Handle or Handle's services.

At the October 14 Rule 37 conference, Nadolny agreed to narrow this request as follows: "All emails or other Documents created between November 1, 2018 to present between Plaintiff and

---

[3] The two websites, www.zlien.com and www.levelset.com, operated simultaneously for a number of months.

Michael Tabayoyon or any other individual Allied Restoration Company that concerns Handle." Counsel for Plaintiff agreed to supplement Plaintiff's Response to RFP No. 10 as limited. *See* Exhibit F. To date, this has not occurred.

> **REQUEST FOR PRODUCTION NO. 11:** All Documents that show the date, terms, and price of Plaintiff's acquisition of the website URL, www.levelset.com.

Nadolny seeks documents showing the date, terms, and price of Plaintiff's acquisition of the website URL, www.levelset.com. This information is pertinent to establishing a timeline for the "look and feel" of Plaintiff's website, which Plaintiff alleges Handle and Nadolny copied. At the October 14 Rule 37 conference, Nadolny agreed to limit this request to documents reflecting the date of acquisition of the website URL. Counsel for Plaintiff agreed to supplement documents indicating the date of Plaintiff's acquisition of the website URL, www.levelset.com, should additional documentation exist. *See* Exhibit F. To date, this has not occurred.

### III. PAYMENT OF EXPENSES

Nadolny moves to be awarded its expenses incurred in making the instant motion, including attorney's fees, pursuant to Federal Rule of Civil Procedure 37(a)(5). None of the exceptions to the rule are satisfied in this case. Nadolny has attempted in good faith to obtain this discovery. Nadolny exchanged written correspondence with counsel for Plaintiff on August 27 and October 7 and has conferenced with counsel for Plaintiff regarding these discovery requests on two separate occasions. *See* Exhibit C; Exhibit E; Exhibit F. After Plaintiff failed to supplement the discovery requests by October 28, counsel for Nadolny inquired about the status of the responses on November 3. *See* Exhibit G. Although counsel for Plaintiff indicated that counsel was speaking with the client that week, to date (two weeks later), Plaintiff has not provided any supplemental responses. Plaintiff's unresponsiveness, delay, and lack of diligence is not

substantially justified. Nadolny accordingly requests that it be awarded its expenses, including attorney's fees, related to filing the instant motion.

## IV.     CONCLUSION

As discussed above, Plaintiff failed to adequately respond to and timely supplement Nadolny's Discovery Requests. Nadolny respectfully requests that this Court enter an Order: (1) striking the boilerplate objections contained in Plaintiff's discovery responses, (2) ordering Plaintiff to eliminate cross-references to other discovery responses, and (3) ordering Plaintiff to supplement its response to the Interrogatories and Requests for Production identified above. In the event the Court grants the instant motion, Nadolny requests that it be awarded its expenses incurred in bringing the motion, pursuant to Rule 37(a)(5).

Respectfully submitted,

**PHELPS DUNBAR LLP**

*/s/ Christopher K. Ralston*
Christopher K. Ralston, (Bar #26706)
Lindsay Calhoun, (Bar #35070)
Arthur R. Kraatz, (Bar #35194)
Lillian M. Grappe, (Bar #37139)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Telecopier: 504-568-9130
Email: ralstonc@phelps.com
         lindsay.calhoun@phelps.com
         arthur.kraatz@phelps.com
         lillian.grappe@phelps.com

**ATTORNEYS FOR DEFENDANT JEFFREY NADOLNY**