# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EXPRESS LIEN, INC.** | **CASE NO. 2:19-cv-10156** |
| Plaintiff | |
| v. | **JUDGE VANCE** |
| **HANDLE, INC.,** *et al.* | |
| Defendants. | **MAGISTRATE JUDGE NORTH** |

## HANDLE, INC.'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO COMPEL

The Court should grant Handle's Motion and award Handle its fees incurred with filing its Motion and this Reply. Handle is blindsided by Plaintiff's improper service argument because: (i) counsel never mentioned it in response to Handle's communications asking for an explanation for Plaintiff's lack of response; (ii) Plaintiff responded without objection to prior discovery served via email; and (iii) Plaintiff acknowledged that service was proper in a Joint Status Report filed with this Court. Even though the parties disagree about whether they consented to service of discovery via email (Handle's counsel recalls that they did), Plaintiff has waived any objection it may have had to the manner of service. It also cannot show any prejudice from having received discovery in its email box instead of its mailbox. Its position is, frankly, contrary to the spirit and intent of the federal discovery rules.

Additionally, most of the Opposition's argument regarding its assertion that it has complied with the Court's prior Order granting, in part, Handle's Motion to

Compel, is not accurate with respect to Handle Request for Production 17. And, Plaintiff's excuse for failing to supplement its response to Handle Interrogatory 1 is insufficient, and its five-month delay in providing basic information regarding its copyright infringement allegations is highly prejudicial. The Court should therefore grant Handle's motion.

**I. ARGUMENT**

    **A. The Court Should Compel Responses to Handle's Third Set of Discovery Requests.**

The following facts establish that Handle properly served its Third Requests, and that Plaintiff long ago waived any dispute about it. On September 28, 2020, counsel for Handle emailed the Third Requests to all counsel in the matter, including Plaintiff's counsel. *See* Email attached at **Exhibit A**.[1] The Certificate of Service stated:

> I hereby certify that on this 28th day of September 2020, the Handle, Inc.'s Third Set of Discovery Requests were served by email, under agreement of the parties to treat email service of discovery as equivalent to service by mail, to persons at the email addresses listed below [Plaintiff's counsel identified].

*See id.*

Plaintiff's counsel never responded to this email to assert or suggest that it did not believe service had been properly effectuated, or to the representation that the parties had agreed to service via email. In fact, the month before, in August 2020, Handle served its Second Set of Discovery Requests in the identical manner and

---

[1] The individual who sent the email, Eloise Hanley, is the paralegal for Handle's lead counsel.

using the identical certificate of service language. *See* Email and Second Requests, at **Exhibit B**. Express Lien accepted service and served written responses to Handle's Second Requests without objection. *See* Responses to Second Requests, at **Exhibit C**.[2]

On September 29, 2020—the day after Handle emailed its Third Requests—Plaintiff's counsel signed and the parties agreed to file a Joint Status Report to the Court in advance of a Status Hearing with Judge Vance. *See* ECF No. 89. Page four of the Joint Report summarizes "outstanding discovery that remains to be completed" and acknowledges that Handle had served its Second Requests and Third Requests:

> ***Handle has two sets of discovery requests outstanding***. Handle ***served*** its Second Set of Discovery Requests, consisting of 1 document request, to Express Lien on August 17, 2020. Express Lien has not responded. Handle ***served*** its Third Set of Discovery Requests, consisting of 3 interrogatories and 8 document requests on September 28.

*Id.* at p. 4 (emphasis added).[3] The Joint Status Report does not mention any dispute regarding proper service. Counsel for the Plaintiff never mentioned any issue with service in any of the communications regarding the draft of the Joint Status Report.

---

[2] Notably, the Certificate of Service included with Plaintiff's responses to Handle's Second Requests was, "I hereby certify that on this 7th day of October, 2020, a copy of the foregoing has been served upon all counsel of record in this action **via email and/or** depositing same in the United States Mail, properly addressed, first class postage prepaid." *See* Exhibit C (emphasis added).

[3] Incidentally, as of the date of this Joint Report Plaintiff's responses to Handle's Second Requests were past-due, and Plaintiff had never requested an extension of its deadline to respond.

Thus, Handle was understandably in the dark about Plaintiff's "improper service" excuse for ignoring the Third Requests. It would have cost Plaintiff's counsel nothing, and arguably would be the bare minimum courtesy required to opposing counsel, to respond to Handle's November 9, 2020 email asking for an explanation for Plaintiff's failure to either respond or request an extension. *See* Email attached at **Exhibit 2** to Handle's Opening Brief (ECF No. 120-4). Had it done so—or had it raised this issue when the Third Requests were first emailed or when preparing the Joint Report to the Court—Handle would have corrected the issue immediately or brought it to the Court's attention. Unaware of Plaintiff's objection, however, Handle proceeded with the deposition of Plaintiff's Chief Technology Officer and Chief Executive Officer without the benefit of the critical technical information requested by the Third Requests.

The Opposition's attempt to place blame on Handle for not making additional attempts to cajole an explanation from the Plaintiff for its lack of response to the Third Request, is outrageous. Plaintiff's counsel did not even provide an explanation when Handle's counsel again asked for one the day before Thanksgiving, while at the same time requesting a courtesy extension. *See* November 25, 2020 Email correspondence with Plaintiff's counsel, Alan Davis, attached at **Exhibit D** (highlighting added for ease of reference).

Basic, common courtesy among counsel dictates that Plaintiff cannot ignore Plaintiff's Third Requests and all communications requesting explanation because the Plaintiff was not satisfied with the method of communication that Handle used.

Had Plaintiff preferred to discuss the matter on the phone rather than respond in writing, it could have called Handle's counsel or responded to counsel's emails with a request for a call.

Moreover, the Opposition does not indicate what difference any additional attempts by Handle to obtain an explanation would have made. Clearly, Plaintiff has no intention of responding to the Third Requests absent a Court order that service was effective -- or even if technically improper, that the objection was waived for a variety of reasons, including Plaintiff's acknowledgement in a Joint Report filed with this Court and Plaintiff's prior acceptance of service in the identical manner. Fairness and good faith among counsel dictate that, "if counsel admittedly has discovery in hand, he will not be allowed to sit back and depend upon technicalities of the rules on service to justify his inexcusable failure to respond to appropriate discovery." *Gamblin v. Miss. Farm Bureau Mut. Ins. Co.*, 2009 U.S. Dist. LEXIS 146693 *13 (S.D. Miss. Oct. 7, 2009).

The Court should therefore order Plaintiff to promptly respond, in full, to Handle's Third Requests, which were now served more than 2.5 months ago. With only a month remaining in discovery after the parties return from the holidays, it is critical that Handle receive all responses before early January to prepare to take Plaintiff's corporate deposition and to ascertain whether any additional fact depositions need to be taken in light of Plaintiff's responses. Finally, Plaintiff's justification for its failure to respond to Handle's Requests, or to send even a common courtesy communication to counsel for Handle explaining why it would not

5

be responding to discovery that the Joint Report to this Court acknowledged had been served, are not substantially justified. Accordingly, the Court should also award Handle's fees and expenses incurred in moving to compel.

### B. Plaintiff's Failure to Comply with the Court's Order.

#### 1. Handle RFPD 17.

Although Plaintiff's Opposition contends that it has complied with RFPD 17, its accusation that Handle seeks to portray the Plaintiff in an unfair manner deserves a short response. Handle moved to compel because the Plaintiff had not complied with the Court's September 30, 2020 order, which provided in relevant part:

> Plaintiff represents that it has supplemented its response to Request for Production 17 such that Defendant's objection to its earlier response is resolved. To the extent Plaintiff takes the position as to this or any other request that it has no further responsive documents in its possession, it must clearly so state.

*See* Order, ECF No. 88.

It turns out, Plaintiff had not fully supplemented its response to Request for Production 17. On December 7, 2020—the day before filing its Opposition—Plaintiff produced an additional 894 pages of documents responsive to RFPD 17, all of which *pre-date* Express Lien's previous representation to the Court that it had fully responded to this Request. Moreover, its supplemental, written response to RFPD 17—also served on December 7, 2020–*still does not clearly state that all responsive documents are produced*, as the Order requires.

#### 2. Handle RFPD 48.

Plaintiff's supplemental response to Handle's RFPD 48, served the day before its

6

Opposition, finally clarifies that Plaintiff does not possess any additional transcripts responsive to this request. Thus, although Handle's Motion with respect to this request is moot, Plaintiff should have amended its response and responded to Handle's attempts to seek clarification on this point long ago.

### C. Plaintiff's Failure to Supplement its Response to Handle Interrogatory 1.

The Opposition distorts and attempts to create unnecessary confusion in response to Handle's simple request for a supplemental response to Interrogatory 1. Five months ago, in a supplemental response to Handle's Interrogatory 1, Plaintiff identified two new documents that it contended Handle had copied, in an incomplete response that Plaintiff promised to supplement. *See* Opening Brief, ECF No. 120-1, pp. 6-7. About a month later, Handle wrote to request a supplemental response. Plaintiff did not respond. Plaintiff's counsel promised over the phone to provide a supplement, but never did. Plaintiff also failed to respond to *five additional written requests*. Yet again, Plaintiff ignored good faith communications about this discovery issue, waiting until an opposition to a motion to compel to finally reveal its position.

In any event, the Opposition's surprise reliance on a technicality to contend that Plaintiff need not identify the copyrighted material in its deposit records, is unwarranted. In 2018, at the very outset of this case, Handle requested an informal production from the Plaintiff of all copyright deposit records pertaining to the copyrights that were the subject of Plaintiff's infringement claim. Plaintiff agreed and produced documents that Handle then Bates Numbered Express Lien_000001 –

014256. It referred to these deposit records *received from the Plaintiff* as the "Copyright Deposit Records" for purposes of Interrogatory 1, as Plaintiff's Opposition points out. In response to a Request for Admission served by Handle, Plaintiff *admitted* that this Bates Range contained a complete set of deposit records:

> **REQUEST FOR ADMISSION NO. 1:**
>
> Admit that Documents labeled as Bates Express Lien_000001-014256, produced to You contemporaneously with the Discovery Requests, which Bates range includes all documents that You provided to counsel for Handle on June 19, 2019 and June 28, 2019, contain all copyright deposit records that pertain to every publication that You allege that Defendants infringed.
>
> **RESPONSE:**
>
> Upon information and belief, Plaintiff admits that Bates Nos. Express Lien_000001-014256 contain all copyright deposit records pertaining to publications that Plaintiff alleges that Defendants infringed. To the extent a deposit or other document has been inadvertently omitted, Plaintiff shall supplement its production upon discovery of same.

Plaintiff later supplemented its discovery with additional copyright deposit records but never amended the above response to Handle's Request for Admission. It now rests on a technicality—that it later produced some additional deposit records after submitting the above, inaccurate response to Handle's Request for

8

Admission—as justification for refusing to supplement its response to Interrogatory 1. This is an untenable position. Plaintiff certainly knows what Interrogatory 1 requests and understands that the intent of the Interrogatory is to require Plaintiff to identify the precise location within Plaintiff's own its deposit records where each allegedly infringed publication appears. Its argument that "Handle can easily search for itself" is untrue. Handle has no idea how to find, in more than 14,000 pages of deposit records, the precise publications that Interrogatory No. 1 contends Handle infringed ("Need a Notice?" and ""What is a Notice of Intent to Lien"). Plaintiff's "go fish" response would also leave Handle guessing about which version of these publications it is alleged to have copied.

In sum, five months after Plaintiff served its supplemental response to Interrogatory 1, Handle still does not have copies of the specific versions of the "Need a Notice?" and "What is a Notice of Intent to Lien" that are the subject of Plaintiff's infringement allegations. It also does not have any response to Interrogatory 1's requirement that Plaintiff provide, "a complete explanation of the basis for Your claim of infringement." Plaintiff's Opposition even acknowledges that Handle cannot access the URL link that Plaintiff provided because the link requires an account with the Plaintiff. Regardless, any such link would be to the current version of the publication posted on Plaintiff's website, *not* to Plaintiff's copyright deposit records. This basic information is critical to Plaintiff's copyright infringement claim because a copyright owner is only entitled to bring an infringement based on a *registered* work. *See Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 884, 203 L.Ed.2d 147, 147 (2019),

Plaintiff's game of hide-and-seek is unjustified and unfairly prejudicial. Handle cannot possibly understand, much less defend, Plaintiff's infringement claims regarding these two articles without the basic information that Interrogatory 1 requires. Plaintiff should be ordered to immediately supplement its response.

## II. CONCLUSION

For the reasons in Handle's opening brief and this Reply, the Court should grant Handle's Motion to Compel and order it to reimburse Handle for its attorneys' fees incurred in bringing its Motion and this Reply (which Handle will promptly submit to the Plaintiff).

Respectfully submitted,

**BOWIE & JENSEN, LLC**

By: */s/ Joshua A. Glikin*
Joshua A. Glikin (admitted *pro hac vice*)
Stephanie M. Meighan
(admitted *pro hac vice*)
210 West Pennsylvania Avenue, Suite 400
Towson, Maryland 21204
Telephone: (410) 583-2400
Facsimile: (410) 583-2437
Email: glikin@bowie-jensen.com

**THE KULLMAN FIRM**

Jessica L. Marrero (La. Bar No. 34661)
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: 504-524-4162
Facsimile: 504-596-4114
Email: JLM@KullmanLaw.com

*Attorneys for Defendant Handle, Inc.*